**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIO GONZALEZ NEPAMUSENO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 22-1167 Agency No. A203-714-587 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025**
Phoenix, Arizona

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

Gregorio Gonzalez Nepamuseno, a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") upholding an order of an Immigration Judge ("IJ") denying his application for cancellation of removal. We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We deny the petition.

In upholding the denial of cancellation of removal, the BIA held that Gonzalez Nepamuseno "did not establish that his five United States citizen

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

children and lawful permanent resident father would face exceptional and extremely unusual hardship upon his removal to Mexico." *See* 8 U.S.C. § 1229b(b)(1)(D) (stating that, to qualify for a discretionary grant of cancellation of removal, an alien must establish, *inter alia*, that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"). We review this ruling for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). Under that standard, we must uphold the BIA's determination that the facts as found by the agency do not establish the requisite hardship "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. at 1002 (quoting 8 U.S.C. § 1252(b)(4)(B)). However, we do not "have jurisdiction over the IJ's finding of 'facts underlying any determination on cancellation of removal,' which 'remain unreviewable.'" *Id*. at 1000 n.2 (quoting *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024)).

The agency reasonably concluded that Gonzalez Nepamuseno's daughter Vanessa's health condition did not establish the requisite exceptional and extremely unusual hardship. The agency acknowledged Vanessa's heart murmur but noted that she receives medication for that condition, which is covered by Medicaid. Gonzalez Nepamuseno asserts that Medicaid "does not cover the cost of Vanessa's medication," pointing to evidence that his family had paid "upwards of

$90 out of pocket for the medication." But the IJ concluded that these payments were incurred before Vanessa was enrolled in Medicaid and that Gonzalez Nepamuseno had failed to show that Medicaid would not cover her future expenses. We are bound by this "unreviewable" factual finding. *Wilkinson*, 601 U.S. at 225.

Gonzalez Nepamuseno also contends that his removal would cause financial hardship for Vanessa and the other children that would not be made up by the children's mother, the mother's parents, or his brother. But the IJ made a contrary finding that the children would receive support from public assistance, Gonzalez Nepamuseno's in-laws (with whom his children were living), and his brother. This factual finding is likewise unreviewable. *See Wilkinson*, 601 U.S. at 225. To the extent that Gonzalez Nepamuseno challenges the BIA's observation that the record did not contain any evidence that the children's mother was "unable" to work, we discern no error: the limited testimony that she had not previously worked and did not drive did not establish that she was "unable" to work. Indeed, Gonzalez Nepamuseno's brief to the BIA acknowledged that she might be able to work but argued that her wages were likely to be "very low." In light of the agency's findings about alternative sources of support, the BIA reasonably concluded that any financial hardship would not be "substantially beyond that which would ordinarily be expected to result from the alien's deportation." *Gonzalez-Juarez*,

137 F.4th at 1007 (citation omitted).

Gonzalez Nepamuseno asserts that the BIA "failed to consider the ages of [his] five children" in assessing the emotional and financial impact of his removal. This contention fails. The BIA explicitly noted the age of Vanessa, who was the primary focus of Gonzalez Nepamuseno's claim.[1] The BIA acknowledged the remaining four children, and while it did not explicitly mention their ages, the agency "does not have to write an exegesis on every contention." *Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012) (citation omitted). The agency considered the circumstances of all five children and reasonably concluded that the emotional and financial hardship to them did not establish the requisite hardship. *Gonzalez-Juarez*, 137 F.4th at 1007 (citation omitted).

**PETITION DENIED.**

---

[1] We reject Gonzalez Nepamuseno's contention that the BIA "focused solely on Vanessa and failed to consider the hardship to [his] other qualifying relatives." The BIA acknowledged Gonzalez Nepamuseno's "five United States citizen daughters and lawful permanent resident father" before noting that his hardship claim is "mainly based on his daughter, Vanessa." That was a fair description of the arguments made by Gonzalez Nepamuseno in his brief to the BIA. Beyond the general issues about financial hardship to the family that the agency did address, Gonzalez Nepamuseno did not raise any arguments that focused specifically on his other children or his father.

4